FILED: NEW YORK COUNTY CLERK 02/15/2021 10:33 AM   INDEX NO. 651049/2021
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 02/15/2021

SUPREME COURT OF THE STATE OF
COUNTY OF NEW YORK
-----------------------------------------------------------X
CARLYNN ALEXANDER,                              **INDEX NO.**

                            Plaintiff(s),   **SUMMONS**

   - against -                                   The basis of venue is CPLR 503(a), Defendants' principal place of business at One Police Plaza, New York, New York 10038.

NEW YORK POLICE DEPARTMENT, and
MARISA CAGGIANO

                           Defendant(s).
-----------------------------------------------------------X

To the above-named Defendants,

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorneys Gerstman Schwartz LLP, within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if the summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:   Garden City, New York
           February 15, 2021

                                               Respectfully submitted,

                                               **GERSTMAN SCHWARTZ, LLP**
                                               By:  */s/ Randy E. Kleinman*
                                                    Randy E. Kleinman, Esq.
                                                    1399 Franklin Avenue, Suite 200
                                                    Garden City, New York 11530
                                                    Tel. No.: (516) 880 – 8170
                                                    RKleinman@GerstmanSchwartz.com

                                               *Attorneys for Plaintiff*

TO:

NEW YORK POLICE DEPARTMENT
One Police Plaza
New York, NY 10038

MARISA CAGGIANO
C/O NEW YORK POLICE DEPARTMENT
One Police Plaza
New York, NY 10038

SUPREME COURT OF THE STATE OF
COUNTY OF NEW YORK
-----------------------------------------------------------------X
CARLYNN ALEXANDER,	INDEX NO.

                            Plaintiff,	**VERIFIED COMPLAINT**

   - against -

NEW YORK POLICE DEPARTMENT, and
MARISA CAGGIANO
                          Defendant(s).
-----------------------------------------------------------------X

      Plaintiff Carlynn Alexander, by her attorneys, Gerstman Schwartz LLP., as and for her Verified Complaint against Defendants, states as follows:

## THE PARTIES

    1.    At all times relevant hereunder, upon information and belief, Plaintiff Carlynn Alexander (hereinafter "Plaintiff" or "Mrs. Alexander") was employed by Defendant New York Police Department (hereinafter "Defendant" or "NYPD"). Plaintiff is an individual residing at 578 Tulip Court, Uniondale, New York 11553. At all relevant times, Plaintiff met the definition of an "employee" and/or "eligible employee" under all applicable statutes.

    2.    Upon information and belief, NYPD was and still is a law-enforcement agency or instrumentality of the City of New York administered under New York City Administrative Code, Title 14. The NYPD headquarters is located at One Police Plaza, New York, New York 10038.

    3.    At all times hereinafter mentioned, Defendant Marisa Caggiano (hereinafter "Ms. Caggiano") was and still is an individual whose addresses are unknown, but believed to be a resident of the State of New York.

4. Defendant Ms. Caggiano and Defendant NYPD are hereinafter collectively referred to as "Defendants."

5. Upon information and belief, at all times hereinafter mentioned, Ms. Caggiano was and still is employed by the NYPD. At all times relevant herein, she was acting in the capacity of agents, servants and employees of NYPD.

6. That at all times relevant hereto, Ms. Caggiano was Plaintiff's supervisor and had supervisory authority over Plaintiff Ms. Alexander, with authority to hire, fire or affect the terms and conditions of Plaintiff's employment.

7. Upon information and belief, at all times hereinafter mentioned, Ms. Caggiano was working and acting within the scope of her employment and under the direction of NYPD.

8. That on and prior to all dates and times hereinafter mentioned, Ms. Caggiano was hired, screened, tested, interviewed, trained, investigated, monitored and supervised by NYPD.

9. At all times hereinafter mentioned, NYPD was liable for the acts of Ms. Caggiano under the doctrine of *Respondeat Superior*.

**JURISDICTION AND VENUE**

10. This Court has personal jurisdiction over the Defendants pursuant to C.P.L.R. §§ 301 because the NYPD is an agency of the city of New York, and created and organized by virtue of the laws of the State of New York.

11. This court has personal jurisdiction over the Defendants pursuant to C.P.L.R. §§ 7804(b) and 506(b), venue in this proceeding lies in New York County, in the judicial district in which Defendants took the action challenged here and where the offices of Defendants are located.

12. Venue is proper pursuant to C.P.L.R. §503(a) based on Plaintiff's residence located at 578 Tulip Court, Uniondale, New York 11553.

## FACTUAL ALLEGATIONS

13. NYPD hired Plaintiff in 1986.

14. For over thirty-three years, Plaintiff worked diligently for NYPD. Plaintiff has been an exemplary employee of NYPD with no complaints or write-ups against her.

15. In 2015, NYPD promoted Plaintiff to a "Director" position where she was tasked with helping counsel civilians and give them career advice.

16. In 2016, Ms. Caggiano asked Plaintiff to give one of Ms. Caggiano's friends a salary adjustment, despite the fact that said friend of Ms. Caggiano did not meet the criteria to have her salary adjusted. Plaintiff, not wanting to break the rules, informed Ms. Caggiano that Plaintiff would not be able to go through with that order.

17. In 2017, Ms. Caggiano came to Plaintiff again and demanded Plaintiff give to said friend of Ms. Caggiano a salary adjustment, of $70,000, despite said friend not being eligible for said salary adjustment and having a poor sick leave record.

18. In or about 2017, Ms. Caggiano's friend's record was cleared, sick time was adjusted, and Plaintiff was thus forced to give the aforementioned salary adjustment.

19. In 2017, Ms. Caggiano revoked Plaintiff's designation and title as Director and took away Plaintiff's shield without cause; however, Plaintiff was still required to and did in fact do the same work before her designation and title was revoked.

20. When Plaintiff held the title of Director, she worked in excess of 40 hours per week. Subsequently, despite her title being revoked, Plaintiff still maintained her hours at 40 plus hours per week.

FILED: NEW YORK COUNTY CLERK 02/15/2021 10:33 AM
NYSCEF DOC. NO. 1
INDEX NO. 651049/2021
RECEIVED NYSCEF: 02/15/2021

21. In 2019, Ms. Caggiano took over Plaintiff's Unit.

22. Plaintiff had to add her name to the meeting agenda as a vital member of the Board but she was only allowed to attend after her Inspector intervened.

23. In February 2020, Plaintiff became sick, was hospitalized for at least a week.

24. After Plaintiff was released, Plaintiff was placed on sick report. While out sick, Plaintiff was made aware that the Ms. Caggiano would be taking over Plaintiff's unit.

25. Despite being sick, Plaintiff continued to perform her duties, by contacting staff and otherwise assisting civilians in any way she could.

26. Plaintiff's doctor did not provide a return-to-work date, due to Plaintiff's underlying condition.

27. In May 5, 2020, Plaintiff filed directly to OEEO, the NYPD's internal investigative organ, and was approved for a reasonable accommodation. Plaintiff's doctor recommended that Plaintiff perform her duties remotely *due to her high risk of contracting COVID-19* which would also exacerbate her underlying medical conditions.

28. Despite having been granted an accommodation to work from home, Deputy Inspector Paul Rasa (hereinafter "Inspector") and Ms. Caggiano demanded that Plaintiff come in to the office for in-person training in a new position.

29. In July 2020, Ms. Caggiano and Inspector effectively revoking Plaintiff's approved accommodation, and required Plaintiff to stop her assignment, despite having been granted her reasonable accommodation; Ms. Caggiano barked, "Send me your resume; what do you do anyway?" Plaintiff was provided a new assignment by Ms. Caggiano. ("Salary Adjustment Project".)

30. In August 2020, Inspector called Plaintiff and said, "Carlynn, you have a lot of time on the books, why don't you use your time?"

31. Upon information and belief, despite many of employees in the same predicament as Plaintiff, who were working from home, and despite letters from Plaintiff's doctors, requesting that Plaintiff work from home, Defendants took Plaintiff's time-sheets from her time-keeper, altered her time-records for August, thereby effectively revoking her reasonable accommodation.

32. As a result of losing her reasonable accommodation request to work from home, yet still working from home, Plaintiff was required to use her accumulated personal time.

33. Plaintiff suffers from severe issues with her lungs, and was advised by her doctor that she work remotely.

34. Upon information and belief, other staff members in Plaintiff's unit had been infected with COVID-19.

35. In the end of August 2020, Plaintiff sent a letter with her doctor's notes and Plaintiff was ordered by the Inspector to not sign in on timesheets going forward; in compliance with said order by Inspector, Plaintiff did not sign-in to City Time.

36. In September 2020, Plaintiff wrote to the Chief of Personnel, asking for help because she was uncertain as to how to proceed.

37. In September 2020, Plaintiff was given a response explaining that her matter was being assigned to the investigation unit. Plaintiff soon thereafter requested again to be temporarily assigned elsewhere.

38. In or about December 3, 2020, after Plaintiff had run out of personal time, Plaintiff had been placed on Leave Without Pay ("LWOP").

39. Although there are other more preferable programs that are overseen by Ms. Caggiano, Plaintiff was not afforded these options (i..e. "Sick Leave With Pay Grant"), which Plaintiff would have otherwise been entitled to given her years of service at the NYPD. This further demonstrates Defendants' retaliatory conduct against Plaintiff.

40. To date, Defendants continue to retaliate against Plaintiff insofar as Plaintiff has exercised her rights under the ADA, however, Defendants have summarily denied Plaintiff's reasonable accommodation request, allegedly based on her refusal to carry through with at least two improper orders from Ms. Caggiano.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Discrimination)

41. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs number "1" through "40" as if set forth more fully and at length herein.

42. At all times herein mentioned, the plaintiff suffers from a "disability", as that term is defined by Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102(1).

43. At all times herein mentioned, the Plaintiff's disability has prevented her from performing "major life activities", as that term is defined by Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102(2).

44. At all times herein mentioned, the Plaintiff is a "qualified individual with a disability", as that term is defined by Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §2131(2).

45. At all times herein mentioned, NYPD is a "public entity", as that term is defined by Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12131(1)(a) and (b).

46. As set forth above, Defendants repeatedly discriminated against Plaintiff due to her disability, in violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq.

47. As set forth above, Defendants discriminated against Plaintiff by failing to provide Plaintiff with reasonable and adequate accommodations; by harassing Plaintiff to return to work despite her documented disability; and in other acts and omissions discriminating against Plaintiff, all in violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq.

48. Defendants' actions were taken under circumstances giving rise to an inference of discrimination.

49. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff has suffered and will continue to suffer the loss of income the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

50. As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages against Defendants together with attorney's fees, costs and disbursements

## AS AND FOR A SECOND CAUSE OF ACTION
**(Retaliation in Violation of New York Whistleblower Law)**

51. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "50" as if set forth more fully and at length herein.

52. Section 15 of the New York State Labor Law makes it illegal for employers to discharge, penalize, or in any manner discriminate or retaliate against an employee.

53. N.Y.L.L. § 740, 741 prohibit an employer from taking any retaliatory personnel action against an employee because such employee objects to, or refuses to participate in any activity, policy or practice in violation of a law, rule, or regulation.

54. Plaintiff refused to comply with the Ms. Caggiano's multiple requests to increase the Ms. Caggiano friends' salary because the requests did not meet the criteria for the salary adjusted. In response, Plaintiff was subjected to mistreatment.

55. As a result of her attempt to comply with regulation, Plaintiff was stripped of her designation and title as Director and shield and was denied attendance to Board meetings despite being a vital Board member.

56. Lack of explanation as to why Ms. Caggiano revoked Plaintiff's title and shield and denied her access to Board meeting demonstrate that it was a retaliation by Defendants against Plaintiff for her attempt to adhere to regulations.

57. Defendants' actions were taken under circumstances giving rise to an inference of retaliation against Plaintiff.

58. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff has suffered and will continue to suffer the loss of income the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

59. As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages against Defendants together with attorney's fees, costs and disbursements

## PRAYER FOR RELIEF

60. WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief against the Defendants:

61. Enter declaratory judgment, stating that Defendants' practices, policies and procedures subjected Plaintiff to disability discrimination, and retaliation in violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102(1) and Section 740 of the New York Labor Law.

62. On all the foregoing Causes of Action, enter judgment against the named Defendants and an award of compensatory damages for back pay, front pay, past and future employment benefits, damages for emotional distress, punitive and/or exemplary damages, attorneys' fees, pre and post-judgment interest, in an amount, in excess of the jurisdictional limits of any other court, to be determined at trial by the jury, and further relief as this Honorable Court deems just, equitable and proper.

Dated: Garden City, New York
February 15, 2021

                **GERSTMAN SCHWARTZ, LLP**
                By: */s/ Randy E. Kleinman*
                    Randy E. Kleinman, Esq.
                    1399 Franklin Avenue, Suite 200
                    Garden City, New York 11530
                    Tel. No.: (516) 880 – 8170
                    Rkleinman@GerstmanSchwartz.com

                *Attorneys for Plaintiff*

## VERIFICATION

STATE OF NEW YORK  )

                      ss.:

COUNTY OF NEW YORK  )

      CARLYNN ALEXANDER, being duly sworn, deposes and says:

      I, CARLYNN ALEXANDER, am the plaintiff in the within action.

That I have read the foregoing VERIFIED COMPLAINT and know the contents thereof; that the same is true to my knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, as I believe them to be true.

      I certify under the penalty of perjury that the foregoing is true and correct.

                                              CARLYNN ALEXANDER

Sworn to before me this

day of February 12, 2021

_____
Notary Public